# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARDA SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> CONNEXIONS DATA INC., <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT** |

Plaintiff, Arda Solutions Inc., a Florida corporation ("Arda"), by way of complaint against defendant, Connexions Data Inc., a New Jersey corporation ("Connexions"), states:

## PARTIES

1. Arda is a Florida corporation with its principal place of business at 10372 NW 31st Terrace, Doral, Florida.

2. Connexions is a New Jersey corporation with its principal place of business at 45 Eisenhower Drive, Suite 245, Paramus, New Jersey.

## JURISDICTION

3. This Court has jurisdiction over this action based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum of seventy-five thousand ($75,000) dollars, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Connexions is incorporated and has its principal place of business in this District and because a substantial part of the events and omissions giving rise to the claims

occurred in this District. Moreover, the applicable agreement between the parties provides that it shall be construed in accordance with the laws of the State of New Jersey.

## FIRST COUNT

5. On or about June 20, 2017, Arda and Connexions entered into an agreement (the "Agreement") whereby Arda agreed to provide Connexions with professional consulting services for or on behalf of Connexions and/or its clients. In return, Connexions agreed to pay Arda fees as set forth in Task Orders or at rates to which the parties from time to time agreed in writing.

6. The Agreement provides that it is valid and enforceable from the date of its mutual execution (June 21, 2017) through and including a date that is one year from that date, unless sooner terminated as provided in the Agreement. Unless terminated, the Agreement automatically renews for a period of one year upon the expiration of the initial term and each subsequent year anniversary.

7. Pursuant to the terms of the Agreement, the Agreement was extended from year to year.

8. Pursuant to the Agreement, Arda provided professional consulting services for or on behalf of Connexions and/or its clients as Connexions requested from time to time.

9. The Agreement requires Connexions to pay Arda within 30 days after invoicing by Arda.

10. Pursuant to the terms of the Agreement, Arda invoiced Connexions for the professional consulting services that Arda provided, but Connexions has failed to pay certain invoices.

11. Upon inquiry from Arda, Connexions has acknowledged that payment on the invoices was overdue and promised payment, but still not payment has been forthcoming.

12. The outstanding invoices for which payment from Connexions to Arda is overdue currently total $88,057.27.

13. As a direct result of Connexions' failure to timely pay the outstanding invoices from Arda, Connexions has breached the Agreement and Arda has been thereby damaged.

14. The Agreement provides that the party in breach of the terms of the Agreement shall be liable to compensate the non-breaching party for all costs incurred by it in enforcing the terms of the Agreement, including the reasonable attorney fees and court fees.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

## SECOND COUNT

15. Arda repeats all of the preceding allegations of this Complaint as if set forth herein.

16. Arda agreed to perform professional consulting services for or on behalf of Connexions and/or its clients based upon Connexions' agreement to pay Arda for the reasonable value of Arda's professional consulting services.

17. As a direct result of Connexions' failure to timely pay Arda the reasonable value for Arda's professional consulting services, Arda has been damaged.

18. The reasonable value of the unpaid professional consulting services performed by Arda for or on behalf of Connexions and/or its clients is $88,057.27.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

### **THIRD COUNT**

19. Arda repeats all of the preceding allegations of this Complaint as if set forth herein.

20. Arda performed professional consulting services for or on behalf of Connexions and/or its clients having a reasonable value of $88,027.57.

21. Connexions and/or its clients received the benefit of such professional consulting services, but has not paid Arda.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

## FOURTH COUNT

22. Arda repeats all of the preceding allegations of this Complaint as if set forth herein.

23. As a direct result of Connexions' wrongful conduct in failing to pay on the outstanding invoices from Arda to Connexions and/or the reasonable value of the professional consulting services performed by Arda for or on behalf of Connexions and/or its clients, Connexions has been unjustly enriched at Arda's expense.

24. Arda has been damaged by Connexions' unjust enrichment.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

## FIFTH COUNT

25. Arda repeats all of the preceding allegations of the Complaint as if set forth herein.

26. The Agreement contains an implied duty of good faith and fair dealing.

27. Connexions has an obligation and duty to act in good faith and to deal fairly with Arda in connection with the Agreement, and the obligation to pay Arda for the professional consulting services that Arda performed for or on behalf of Connexions and/or its clients.

28. Connexions breached its obligation and duty to act in good faith and deal fairly by, among other things, failing to timely pay Arda for its professional consulting services, and by repeatedly telling Arda that it was going to pay Arda for those services and then failing to pay for those services.

29. As a direct result of Connexions' breach of its duty of good faith and fair dealing, Arda has been and continues to be damaged.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

## SIXTH COUNT

30. Arda repeats all of the preceding allegations of the Complaint as if set forth herein.

31. As of the present, Connexions owes Arda the sum of $88,057.27.

32. As of the filing of this Complaint, there remains a total balance due from Connexions to Arda on this book account in the amount of $88,057.27.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

## SEVENTH COUNT

33. Arda repeats all of the preceding allegations of the Complaint as if set forth herein.

34. Arda has demanded the payment of $88,057.27 and Connexions has promised to pay the full amount due.

35. Connexions has not made any payments to Arda on the amount due.

36. Connexions' promise to pay the full amount due is an admission of the correctness of the amount due.

37.     Connexions has to date failed to make any payment on this account stated.

WHEREFORE, Arda seeks judgment against Connexions for damages, interest, costs incurred to enforce the Agreement, including reasonable attorney fees and court costs, and such other relief as the Court may deem equitable, reasonable and just.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Plaintiff

By: /s/ *Alan S. Naar*
    ALAN S. NAAR
    99 Wood Avenue South
    Iselin, NJ 08830
    P: (732) 549-5600
    F: (732) 549-1881
    anaar@greenbaumlaw.com

Dated:  February 12, 2021

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information, and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Plaintiff

By: /s/ *Alan S. Naar*
    ALAN S. NAAR

Dated:  February 12, 2021